UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RE: STATE OF RHODE ISLAND

V. TRIAL CT. No's K2/88-0490A
K1/90-0804B
KEITH A WERNER K1/92-0875A
P2/91-1905A

PETITIONS FOR WRIT OF
MANDAMAS AND PROHIBITION

Petitioner, Keith A. Werner, moves this Honorable Court, pursuant to Fed R. Civ. P, Rule 3 (b) to direct the Clerk to accept for filing, and to docket, the documents appended hereto and to cease and desist from acting in derogation of Rule 3(b) Fed. R. Civ. P. Petition says:

1. On July 15, 2005, I mailed to this Honorable Court the following documents:
(a) Defendant's Motion for Appointment of of Counsel Relative to Post Conviction Relief, ("Habeas Corpus").

(b) Alternative Position of the Defendant if Motion for Appointment of Counsel is denied.

(c) Affidavit of Keith A. Werner, [in support of oft-cited instruments].

(d) Mr. Werner's Cover letters to the Clerk; one is undated, the other is dated 9-7-05

(e) Order of U.S. Magistrate Judge dated 9-7-05 rejecting Mr. Werner's papers, aforesaid; and, returning said papers to Mr. Werner. The Order states "Motion Cannot be accepted without case being filed"; dated 9-7-05

(f) Two letters to Mr. Werner from Concetta R. Zinni, Data Quality Administrator dated 9-15-05 and 10-7-05. The letters state that the Twenty Dollar ($20.00) check sent to the Clerk for payment of Mr. Werner's Appeals/Habeas Corpus are being returned because Mr. Werner failed to file the standard

(f) (Cont'd) Petition for Writ of Habeas Corpus Form, [Letter 9-15-05], and a letter stating Mr. Werner has not filed any petitions with this court thus the $20.00 check is being returned.

## ARGUMENT

### THE CLERK ERRED WHEN THE PAPERS WERE NOT DOCKETED AND RETURNED TO MR WERNER

The undated cover letter to the Clerk explicitedly states, "These documents should be construed to be an appeal," ... Please docket receipt of this Appeal" ... Again, please docket these appeals." See, EXHIBIT A. The cover letter dated 9-7-05 specifically states, "Enclosed herein find a check for $20.00, the cost of prosecuting each of the four cases on a writ of habeas corpus appeal. Several days ago I sent you a cover letter indicating that said

letter should be construed to be an appeal from the Supreme Court of Rhode Island.... Kindly docket that the filing fee for each petition has been paid in full.... See EXHIBIT B.

Further, Mr. Werners Affidavit in Support of his two documents states in pertinent part, " Defendant...requests this Honorable Court to appoint counsel to represent him in the habeas corpus petitions in the above entitled actions.... In support... Mr. Werner has annexed hereto his Affidavit in Support." (Emphasis added) See EXHIBIT E.

Moreover, the instrument entitled, " Alternative Position of Defendant if Motion for Appointment of Counsel is Denied" states explicitedly that if the Court denies said request then "[d]efendant incorporates by reference the affidavit of Keith Werner attached hereto" See EXHIBIT D. Most importantly perhaps

is the fact that the document indicates, "specifically, the defendant incorporates by reference Paragraph 13 of said affidavit into the instant instrument." (Emphasis in original)" See EXHIBIT E, PAGE TWO.

Paragraph 13 of Mr. Werners affidavit states

> " Should this Honorable Court decide to deny my request for the appointment of counsel in regard to the above numbered cases then, by necessity, the only thing I can do, and should now be considered to be doing is: to incorporate by reference each and every objection, offer of proof, and every lack thereof, every argument made at trial and every argument made at the appellate level by both Paula Rosin and myself to constitute my petitions for writ of habeas corpus in the above-numbered matters." (EXHIBIT E," Paragraph 13.")

Each of the aforementioned documents are dated 7-15-05; and, certified that they were mailed to the Attorney General on 7-15-05

These documents indicate 5 times that they are and should be construed as petitions for writ of habeas corpus. There can be no legitimate doubt that Mr. Werner intended and deemed the documents to be writs of habeas corpus

In Castro v. U.S. 124 S.Ct. 786 (2003) the Court held that federal courts may re-characterize the legal lable that a pro se litigant attaches to a motion and place it within a different category, in order to avoid inappropriately stringent application of formal label requirements, or to create a a better correspondence between the substance of pro se motions claims and its legal basis. See e.g. Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam). Courts may do so in order to avoid inappropriately

stringent application of formal labeling requirements. Haines v. Kerner 404 U.S. 519, 520 (1972) (per curiam); Raineri v. US, 233 F3d 96, 100 (1st Cir. 2000)

Thus, Mr. Werner's documents should be deemed by this Court to constitute writs of habeas corpus in the above-numbered cases.

Most importantly, perhaps dispositive of the issue is Revised Rule 3(b), Fed. R. Civ. P. The Rule states that the clerk MUST filed the petition and enter it on the docket. (Emphasis added). The word "must" is mandatory, leaving no room for discretion by the clerk. Grammatically the word "must" is determinative of the rule's intent.

A fortiori, the 2004 Amendments to the Advisory Committe Notes state "that the clerk may not refuse to accept a filing solely for the reason that it [redacted] complies with these rules or

(KAW) fails to

or local rules. Before the adoption of a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered no penalty, other than delay, if the petition was deemed insufficient. That Act, however, added a one year statute of limitations to petitions filed under Section 2254, See 28 U.S.C. 2244(d)(1). Thus, a court's dismissal of a defective petition may pose a significant penalty for a petitioner [such as the instant petitioner] who may not be able to file a corrected petition within the one year limitations period. The Committe believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2. Thus, revised rule 3(b) requires the clerk to file the petition even though it may not otherwise comply with Rule 2. The rule, however, is not limited to those instances where the petition is defective in form; the clerk would also be required,

or local rules. Before the adoption of a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered no penalty, other than delay, if the petition was deemed insufficient. That Act, however, added a one year statute of limitations to petitions filed under Section 2254, See 28 U.S.C. 2244(d)(1). Thus, a court's dismissal of a defective petition may pose a significant penalty for a petitioner [such as the instant petitioner] who may not be able to file a corrected petition within the one year limitations period. The Committe believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2. Thus, revised rule 3(b) requires the clerk to file the petition even though it may not otherwise comply with Rule 2. The rule, however, is not limited to those instances where the petition is defective in form; the clerk would also be required

for example, to file the petition even though it lacked the requisite filing fee[1] or an in forma pauperis form. . . . The new provision parallels Federal Rule of Appellate Procedure 25(a)(2)(C)."

There is ample caselaw with respect to courts order the clerk to file petitioners' papers. See, e.g. McNeil v Guthrie, 945 F2d 1163, 1165 (10th Cir 1990) (compelling district court clerk to file plaintiff's papers) (Mandamus granted)

As a direct and proximate result of the Magistrate Judge, Concetta Rizzi and all those

---

1. Exhibits G and H are letters from Concetta R. Zinna, Data Quality Administrator, dated 9-15-05 and 10-7-05 indicating the Court cannot accept the $20.00 fee — for 4 writ of habeas corpuses — because the court does not have any record of Mr. Werner's petition for writ of habeas corpus Exhibit I is the Magistrate Judges Order refusing the documents.

acting in concert, the policies, practices, procedures, acts and omissions, Mr. Werner has suffered, does suffer, and will continue to suffer immediate and irreparable harm including squandering days of the one-year limitation period under the Antiterrorism and Effective Death Penalty Act

WHEREFORE, Mr. Werner prays this Honorable Court:

1. Order the clerk and Judge Magistrate to immediately file the papers appended to this petition. These papers are the ones not docketed and rejected by aforesaid parties.

2. Determine by order that Mr. Werner's pro se Request for Counsel and Alternative Position if Appointment of Counsel is Denied constitute six separate claims characterizing the documents as writ of habeas corpus petitions.

3. Determine by order that the instant documents constitute and can be characterized as a pro se petitioner's

3. petition for habeas corpus relief.
4. Order that inappropriately stringent application or formal lable requirements imposed upon a pro se prisoner would be unjust; that Mr. Werner's documents be held to less stringent standards than petitions drafted by lawyers.[2]
5. Order that Rule 3(b), Fed.R.Civ.P.; is controlling and the clerk must file and docket Mr. Werner's pro se petition for habeas corpus relief
6. Order that the docketing date shall be the date the documents were put in the prison's mailbox, see Houston v. Lack 487 U.S. 266 (1988); that date being July 15, 2005.
7. Order that the clerk accept the $20.00

---

2. See, Hughs v. Rowe, 449 U.S. 5, 9 (1980) citing Haines v. Kerner, 404 U.S. 519, 520 (1972)

7. (cont'd) filing fee for the four (4) writs of habeas corpus; and, provide a summons and docket number for each

8. Enjoin the clerk, Magistrate Judge Concetta Rizzi and all those acting in concert to cease and desist from not docketing every document received, from Mr. Werner

9. Retain jurisdiction of this matter until the Court's Order has been obeyed.

Dated: 11-21-05

Respectfully submitted,

Keith A. Werner

Keith A. Werner
Box 100
S. Walpole, MA 02071

Certification

I hereby certify that I caused one copy of the within Petition and Exhibits appended thereto to be delivered to the Attorney General, George Vose, and John Marshal, by placing a copy in the mail box postage prepaid.

11-21-05

[signature]

for example, to file the petition even though it lacked the requisite filing fee[1] or an in forma pauperis form. . . . The new provision parallels Federal Rule of Appellate Procedure 25(a)(2)(C)."

There is ample caselaw with respect to courts order the clerk to file petitioners' papers. See, e.g. McNeil v Guthrie, 945 F2d 1163, 1165 (10th Cir 1990) (compelling district court clerk to file plaintiff's papers) (Mandamus granted)

As a direct and proximate result of the Magistrate Judge, Concetta Rizzi and all those

---

1. Exhibits G and H are letters from Concetta R. Zinna, Data Quality Administrator, dated 9-15-05 and 10-7-05 indicating the Court cannot accept the $20.00 fee — for 4 writ of habeas corpuses — because the court does not have any record of Mr. Werner's petition for writ of habeas corpus. Exhibit I is the Magistrate Judges Order refusing the documents.

acting in concert, the policies, practices, procedures, acts and omissions, Mr. Werner has suffered, does suffer, and will continue to suffer immediate and irreparable harm including squandering days of the one-year limitation period under the Antiterrorism and Effective Death Penalty Act

WHEREFORE, Mr. Werner prays this Honorable Court:

1. Order the clerk and Judge Magistrate to immediately file the papers appended to this petition. These papers are the ones not docketed and rejected by aforesaid parties.

2. Determine by order that Mr. Werner's pro se Request for Counsel and Alternative Position if Appointment of Counsel is Denied constitute six separate claims characterizing the documents as writ of habeas corpus petitions.

3. Determine by order that the instant documents constitute and can be characterized as a pro se petitioner's

3. petition for habeas corpus relief.
4. Order that inappropriately stringent application or formal lable requirements imposed upon a pro se prisoner would be unjust; that Mr. Werner's documents be held to less stringent standards than petitions drafted by lawyers.[2]
5. Order that Rule 3(b), Fed. R.Civ.P.; is controlling and the clerk must file and docket Mr. Werner's pro se petition for habeas corpus relief
6. Order that the docketing date shall be the date the documents were put in the prison's mailbox, see Houston v. Lack 487 U.S. 266 (1988); that date being July 15, 2005.
7. Order that the clerk accept the $20.00

---

2. See, Hughs v. Rowe, 449 U.S. 5, 9 (1980) citing Haines v. Kerner, 404 U.S. 519, 520 (1972)

7. (cont'd) filing fee for the four (4) writs of habeas corpus; and, provide a summons and docket number for each

8. Enjoin the clerk, Magistrate Judge Concetta Rizzi and all those acting in concert to cease and desist from not docketing every document received, from Mr. Werner

9. Retain jurisdiction of this matter until the Courts Order has been obeyed.

Dated: 11-21-05

Respectfully submitted,
Keith A. Werner
Keith A. Werner
Box 100
S. Walpole, MA 02071

Certification

I hereby certify that I caused one copy of the within Petition and Exhibits appended thereto to be delivered to the Attorney General, George Vose, and John Marshal, by placing a copy in the mail box postage prepaid.

11-21-05

Kaatha [signature]