UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEITH A. WERNER | : | |
| | : | |
| v. | : | C.A. 05-517-ML |
| | : | |
| JOHN MARSHAL, et. al. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Keith A. Werner ("Werner"), filed his *pro se* "Petitions for Writ of Mandamas [sic] And Prohibtion [sic]" on December 13, 2005 (Document No. 1). This matter was referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has determined that no hearing is necessary. I have reviewed the documents submitted by Werner and I recommend that this matter be DISMISSED, but that he be granted thirty (30) days to amend his petitions to comply with the Federal Rules of Civil Procedure and the local rules of this Court.

**Discussion**

In his filing, Petitioner states that he previously attempted to file four appeal cases in this Court, and his documents were returned because they were not in the proper form. Petitioner now requests that the Court construe those earlier filings as "habeas corpus appeals," and asks the Court to docket those appeals. Petitioner notes that his previous attempt at filing his cases resulted in the documents (and accompanying filing fee) being returned to him. He also states that the Court sent him a form for filing a petition under 28 U.S.C. § 2254.

The present filing does not satisfy the federal statutory requirements or the requirements of this Court for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The rules are clear

that the proper form and procedure must be used. See DRI LR Cr 57.1; Rule 2, Rules Governing Section 2254 Cases ("[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule"); Advisory Committee Notes to Rule 2 ("[a]dministrative convenience, of benefit to both the court and the petitioner, results from the use of a prescribed form"). While it is true that, as a *pro se* litigant, Werner is entitled to some deference in this Court, his complete failure to follow the Court's rules cannot be excused.

**Conclusion**

I recommend that the District Court dismiss Werner's Petitioner for Writ of Mandamus and Prohibition but that Werner be granted thirty (30) days to correct his filing. Werner is instructed to completely fill out and file the appropriate form for each case and to append the filing fee to each form. Upon the Court's receipt of the completed form, the clerk will assign each of his Petitions its own civil action number. The Clerk is directed to forward Werner another copy of the § 2254 form used in this Court. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

LINCOLN D. ALMOND
United States Magistrate Judge
January 24, 2006