UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. C.A. 05-517ML

JOHN MARSHAL, et. al.

KEITH WERNER'S OBJECTION TO REPORT AND RECOMMENDATION

Petitioner, Keith A. Werner hereby objects to the Report and Recommendation, by Magistrate Lincoln D Almond, dated January 24, 2006

Facts

On July 15, 2005, the petitioner mailed to this Honorable Court the following:

1. Petitioner's Motion for Appointment of Counsel Relative to Post Conviction Relief Petitions.
2. Alternative Position [of Mr. Werner] if the Motion for Appointment of Counsel is Denied

3. Affidavit in support
4. Cover letter to the Clerk
5. Check for $20.00 for four petitions.
6. On September 15, 2006, and again, on October 7, 2006, Mr. Werner received from Concertta R. Zinna, Data Control Administrator, the documents Mr. Werner sent to the court, aforementioned along with a letter indicating the Twenty Dollar filing fee was being returned because Mr. Werner failed to file his petitions on the standard habeas corpus forms. Ms Zinna refused to docket the receipt and return of the aft-cited documents and filing fees.
7. On November 11, 2005, Mr. Werner filed with this Honorable Court a Writ of Mandamus and Writ of Prohibition, supported by exhibits A through H, requesting the Court order to comply with Rule 3 (b), Fed. R. Civ. P., by docketing and filing the habeas corpus petitions, inter alia, nunc pro tunc.
8. On January 28, 2006, the petitioner received Magistrate Almonds Report and Recommendation which recommends that the" District Court dismiss Werner's Petition for Writ of Mandamus and Writ of

8.(cont'd) Prohibition but that Werner be granted thirty (30) days to correct his filing." [No.2 at 2] The Magistrate purports that "The present petition does not satisfy the federal statutory requirements or the requirements of this Court for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. 2254." The rules are clear that the proper form and procedure must be ~~followed~~ (KAW) used. See DRI LR Cr. 57.1;....

## Argument

Rule 83(a)(2) states:

> A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillfull failure to comply with the requirements.

The Clerk's refusal to accept for filing and docket the actual date Mr. Werner's petitions were initially filed inures to his detriment, posing a significant penalty under the AEDPA's one year statute of limitations. Further, the

Advisory Committee's 2004 Amendment to Rule 3(b), Fed. R. Civ. P., specifically states that the clerk may not refuse to accept a filing solely for the reason it fails to comply with these rules or local rules. Revised Rule 3(b) requires the clerk to accept the defective petition. See, Attachment A, annexed hereto.

Because the clerk was required to file Mr. Werner's petitions on the date they were mailed, Houston v. Lack, 487 U.S. 266 (1988), but refused to do so, this Court should equitably toll the statute of limitations, per AEDPA, and consider the petitions filed on the date they were initially mailed.

WHEREFORE, this Honorable Court should reject Magistrate Almond's Report and Recommendation and grant Mr. Werner the relief sought in his Writ of Mandamus and Writ of Prohibition

Dated: 1-28-06

Respectfully submitted,

Keith A. Werner

Keith A. Werner