and no substantive change is intended, except as ...ed below.

...ed Rule 2(c)(5) has been amended by removing the ...nent that the petition be signed personally by the ...er. As reflected in 28 U.S.C. § 2242, an application ...eas corpus relief may be filed by the person who is ... relief, or by someone acting on behalf of that person. ..., *Whitmore v. Arkansas*, 495 U.S. 149 (1990) (discus... requisites for "next friend" standing in petition for ... corpus). Thus, under the, amended rule the petition ... signed by petitioner personally or by someone acting ...alf of the petitioner, assuming that the person is ...zed to do so, for example, an attorney for the petition... Committee envisions that the courts will apply third-...r "next-friend," standing analysis in deciding whether ...ner was actually authorized to sign the petition on ...f the petitioner.

...anguage in new Rule 2(d) has been changed to reflect ...etitioner must substantially follow the standard form, ...s appended to the rules, or a form provided by the ... The current rule, Rule 2(c), seems to indicate a ...nce for the standard "national" form. Under the ...d rule, there is no stated preference. The Committee ...ood that current practice in some courts is that if the ...er first files a petition using the national form, the ...nay then ask the petitioner to supplement it with the ...m.

...ent Rule 2(e), which provided for returning an insuffi... ...tition, has been deleted. The Committee believed that ...proach in Federal Rule of Civil Procedure 5(e) was ...ppropriate for dealing with petitions that do not ... to the form requirements of the rule. That Rule ...s that the clerk may not refuse to accept a filing ... or the reason that it fails to comply with these rules ... rules. Before the adoption of a one-year statute of ...ons in the Antiterrorism and Effective Death Penalty ...1996, 110 Stat. 1214, the petitioner suffered no penal...r than delay, if the petition was deemed insufficient. ...at a one-year statute of limitations applies to petitions ...nder § 2254, *see* 28 U.S.C. § 2244(d)(1), the court's ...al of a petition because it is not in proper form may ... significant penalty for a petitioner, who may not be ... file another petition within the one-year limitations ... Now, under revised Rule 3(b), the clerk is required to ...etition, even though it may otherwise fail to comply ...e provisions in revised Rule 2(c). The Committee ...l that the better procedure was to accept the defec...ition and require the petitioner to submit a corrected ... that conforms to Rule 2(c).

## ...3. Filing the Petition; Inmate Filing

**Where to File; Copies; Filing Fee.** An original ...o copies of the petition must be filed with the ...nd must be accompanied by:

...) the applicable filing fee, or

...) a motion for leave to proceed in forma pau...s, the affidavit required by 28 U.S.C. § 1915, a certificate from the warden or other appropri... officer of the place of confinement showing the ...unt of money or securities that the petitioner in any account in the institution.

**(b) Filing.** The clerk must file the petition and enter it on the docket.

**(c) Time to File.** The time for filing a petition is governed by 28 U.S.C. § 2244(d).

**(d) Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

(As amended Apr. 26, 2004, eff. Dec. 1, 2004.)

### ADVISORY COMMITTEE NOTES

#### 1976 Adoption

Rule 3 sets out the procedures to be followed by the petitioner and the court in filing the petition. Some of its provisions are currently dealt with by local rule or practice, while others are innovations. Subdivision (a) specifies the petitioner's responsibilities. It requires that the petition, which must be accompanied by two conformed copies thereof, be filed in the office of the clerk of the district court. The petition must be accompanied by the filing fee prescribed by law (presently $5; see 28 U.S.C. § 1914(a)), unless leave to prosecute the petition in forma pauperis is applied for and granted. In the event the petitioner desires to prosecute the petition in forma pauperis, he must file the affidavit required by 28 U.S.C. § 1915, together with a certificate showing the amount of funds in his institutional account.

Requiring that the petition be filed in the office of the clerk of the district court provides an efficient and uniform system of filing habeas corpus petitions.

Subdivision (b) requires the clerk to file the petition. If the filing fee accompanies the petition, it may be filed immediately, and, if not, it is contemplated that prompt attention will be given to the request to proceed in forma pauperis. The court may delegate the issuance of the order to the clerk in those cases in which it is clear from the petition that there is full compliance with the requirements to proceed in forma pauperis.

Requiring the copies of the petition to be filed with the clerk will have an impact not only upon administrative matters, but upon more basic problems as well. In districts with more than one judge, a petitioner under present circumstances may send a petition to more than one judge. If no central filing system exists for each district, two judges may independently take different action on the same petition. Even if the action taken is consistent, there may be needless duplication of effort.

The requirement of an additional two copies of the form of the petition is a current practice in many courts. An efficient filing system requires one copy for use by the court (central file), one for the respondent (under 3(b), the respondent receives a copy of the petition whether an answer is required or not), and one for petitioner's counsel, if appointed. Since rule 2 provides that blank copies of the petition in the prescribed form are to be furnished to the applicant free of charge, there should be no undue burden created by this requirement.

Attached to copies of the petition supplied in accordance with rule 2 is an affidavit form for the use of petitioners desiring to proceed in forma pauperis. The form requires information concerning the petitioner's financial resources.

In forma pauperis cases, the petition must also be accompanied by a certificate indicating the amount of funds in the petitioner's institution account. Usually the certificate will be from the warden. If the petitioner is on probation or parole, the court might want to require a certificate from the supervising officer. Petitions by persons on probation or parole are not numerous enough, however, to justify making special provision for this situation in the text of the rule.

The certificate will verify the amount of funds credited to the petitioner in an institution account. The district court may by local rule require that any amount credited to the petitioner, in excess of a stated maximum, must be used for the payment of the filing fee. Since prosecuting an action in forma pauperis is a privilege (see *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)), it is not to be granted when the petitioner has sufficient resources.

Subdivision (b) details the clerk's duties with regard to filing the petition. If the petition does not appear on its face to comply with the requirements of rules 2 and 3, it may be returned in accordance with rule 2(e). If it appears to comply, it must be filed and entered on the docket in the clerk's office. However, under this subdivision the respondent is not required to answer or otherwise move with respect to the petition unless so ordered by the court.

#### 2004 Amendments

The language of Rule 3 has been amended as part of general restyling of the rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic and no substantive change is intended except as described below.

The last sentence of current Rule 3(b), dealing with an answer being filed by the respondent, has been moved to revised Rule 5(a).

Revised Rule 3(b) is new and is intended to parallel Federal Rule of Civil Procedure 5(e), which provides that the clerk may not refuse to accept a filing solely for the reason that it fails to comply with these rules or local rules. Before the adoption of a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered no penalty, other than delay, if the petition was deemed insufficient. That Act, however, added a one-year statute of limitations to petitions filed under § 2254, *see* 28 U.S.C. § 2244(d)(1). Thus, a court's dismissal of a defective petition may pose a significant penalty for a petitioner who may not be able to file a corrected petition within the one-year limitations period. The Committee believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2. Thus, revised Rule 3(b) requires the clerk to file a petition, even though it may otherwise fail to comply with Rule 2. The rule, however, is not limited to those instances where the petition is defective only in form; the clerk would also be required, for example, to file the petition even though it lacked the r... site filing fee or an *in forma pauperis* form.

Revised Rule 3(c), which sets out a specific reference to 28 U.S.C. § 2244(d), is new and has been added to put petitioners on notice that a one-year statute of limitations applies to petitions filed under these Rules. Although the rule does not address the issue, every circuit that has addressed the issue has taken the position that equitable tolling of the statute of limitations is available in appropriate circumstances. *See, e.g., Smith v. McGinnis*, 208 F.3d 13, 17–18 (2d Cir. 2000); *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618–19 (3d Cir. 1998); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court has not addressed the question directly. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("We . . . have no occasion to address the question that Justice Stevens raises concerning the availability of equitable tolling.").

Rule 3(d) is new and provides guidance on determining whether a petition from an inmate is considered to have been filed in a timely fashion. The new provision parallels Federal Rule of Appellate Procedure 25(a)(2)(C).

## Rule 4. Preliminary Review; Serving the Petition and Order

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

(As amended Apr. 26, 2004, eff. Dec. 1, 2004.)

### ADVISORY COMMITTEE NOTES

#### 1976 Adoption

Rule 4 outlines the options available to the court after the petition is properly filed. The petition must be promptly presented to and examined by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court, the judge must enter an order summarily dismissing the petition and cause the petitioner to be notified. If summary dismissal is not ordered, the judge must order the respondent to file an answer or to otherwise plead to the petition within a time period to be fixed in the order.

28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for





ATTACHMENT A