UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
FEB 22 2006
Property of U.S. District Court
District of Rhode Island

KEITH A. WERNER

v.

No's 05-517-ML-LDA
06-031-T-LDA

GEORGE VOSE

MOTION TO AMEND DOCKET ENTRY SHEET; NOTICE OF RELATED ACTIONS OR PROCEEDINGS; AND MOTION FOR ONE JUDGE TO HEAR EACH OF MR. WERNER'S HABEAS CORPUS PETITIONS

Petitioner, Keith A. Werner, respectfully requests that this Honorable Court to order the Clerk to amend the docket entry sheets in the matters of:

1. State v. Werner, 615 A2d 1107 (R.I 2003)
2. State v. Werner, 865 A2d 1049 (R.I. 2005)
3. State v. Werner, 851 A2d 1093 (R.I. 2004)
4. State v. Werner, 830 A2d 1107 (R.I. 2003).

(Hereinafter denominated Werner 1,2,3,4, respectively.)

The basis for this Motion is that Mr. Werner mailed, on or before July 15, 2005, habeas corpus petitions relative to each of the aft-cited cases. The Clerk; in derogation of Rule 3(b), Fed. R. Civ. P., refused to docket receipt of these petitions, returning them to Mr. Werner, noting the deficiencies of the petitions. Mr. Werner filed a Petition for Writ of Mandamus and Prohibition, along with eight (8) Attachments in support. The Petition, 05-cv-00517-ML-LDA seeks, _inter alia_, that the docket reflect the fact that the Clerk received Mr. Werner's Petitions for Habeas Corpus on or before July 15, 2005. See, _Houston v Lack_, 487 U.S. 266 (1988) (The Mailbox Rule.) A filing fee of Twenty (20) Dollars was paid, Five Dollars for each petition.

Re: _Notice of Related Actions and Motion for One Judge to Hear All Four Petitions_

Mr. Werner requests, in the name of judicial economy, efficiency and clarity

that each of the four petitions for habeas corpus relief be assigned to one judge.

## Argument – Point One

After being transfered to Rhode Island pursuant to the Interstate Agreement on Detainers Act, ("IADA"), in August of 1993, Mr. Werner faced four separate criminal trials resulting in multiple convictions. He appealed all four cases to the Supreme Court of Rhode Island[1] alleging various points of reversible error.

There are three (3) issues dispositive with respect to all four (4) of Mr. Werner's habeas petitions. These issues, in short are: The trial judges refusal to recuse

---

1. These case numbers are # 94-745-CA; # 96-155; 96-570; and P2-1991-1905A.

herself, at least twice; the denial of Mr. Werner's motion to dismiss due to the State's violation of the mandatory time frames contained within the IADA; and, denying Mr. Werner the Assistance of Counsel, even though he was an "accused" and "adversarial judicial proceedings had been initiated against him, until Mr. Werner was brought to Rhode Island

Prior to trial, the defense filed several motions for the trial judge, Maureen Goldberg, to recuse; which she denied. A Petition for Writ of Certiorari was filed by defense counsel in the Supreme Court of Rhode Island [C.A. No. 93-617MP] which was denied.

In December of 1993, Justice Goldberg denied Mr. Werner's Motion to Dismiss, pursuant to the State's violations of the mandatory time frames specified in the IADA. Following the ruling and other pretrial hearings, Mr. Werner stood trial

before Judge Goldberg, and a jury, and was convicted. (Werner II)

In early 1994, Mr. Werner went to trial before Judge Darigan. Mr. Werner again filed a Motion to Dismiss due to IADA violations, and supplemented the record. Judge Darigan, however, in the interests of "judicial economy" refused to overturn Judge Goldberg's ruling; he simply incorporated by reference Judge Goldberg's ruling, aforesaid. [Tr. X1, 439-445][2]

The third case to go to trial was before Judge Fortunato who like Judge Darigan affirmed Judge Goldberg's rulings, despite the fact that the record was once again furnished with supplemental evidence.

The last case to go to trial was before Justice Sheehan who "incorporated the arguments" and denied the Motion to Dismiss Due to IADA violations, #97-497-CA (Crim Inf# P2/91-1905A, Tr. pg 9).

2. No. 94-745-CA (K2/88-0490A)

Mr. Werner, having been denied the right to an impartial judge, guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution, was impermissibly burdened with several invalid rulings relative to both the IADA, inter alia, which were merely incorporated by Justices Darigan, Fortunato and Sheehan.

Due process requires an impartial judge, Ward v. Village of Monroeville, 409 U.S. 57 (1972). It is not necessary to establish that the judge is, in fact, prejudiced. The U.S. Supreme Court has emphasized the guiding standard "must be the appearance or likelihood of bias, rather than proof of actual bias." Taylor v. Haynes, 418 U.S. 488 (1974). As a matter of law Judge Goldberg's rulings were null and void ab initio because she had no right or lawful jurisdiction to adjudicate any matter relative to Mr. Werner's case once: (1) he filed a complaint against her – alleging serious allegations with the Commission on Judicial Ethics; (2) he orally requested her to recuse herself, citing a conflict of interest; and, (3) once defense counsel filed

a Petition for Writ of Certiorari relative to Judge Goldberg's refusal to recuse. See Exhibit A, appended hereto

Judge Goldberg's rulings that were subsequently incorporated by reference by Justices Darigan, Fortunato and Sheehan are null and void. The First Circuit in Pontarelli v. Stone, 978 F2d 773, 775 (1st Cir. 1992) held if a trial judge has wrongfully failed to disqualify him or herself the remedy to correct the situation is for the appellate court to reverse on the merits and order a new trial before a new judge.

## Point Two

On or about August 2, 1991, Mr. Werner was released, from custody, on bail in Rhode Island pending the disposition of four criminal actions. With the court's permission [Sheehan, J.], Mr. Werner moved to Everett, Massachusetts. On March 7, 1992, a pregnant woman making a night deposit at the Fleetbank in Warwick,

was robbed and shot in the abdomen. (hereinafter "ATM" case). On March 11, 1992, Mr. Werner was arrested as a suspect in the ATM case.3. On July 15, 1992, Justice Henry Gemma appointed Attorney Richard Corley to represent Mr. Werner on the ATM case (Mr. Corley was Mr. Werner's attorney on four pending criminal actions.) On September 21, 1992 a Kent County Grand Jury returned a four-count indictment against Mr. Werner in the ATM case.

On or about November 27, 1992, Rhode Island Superior Court Justice Alton Wiley heard a variety of defense motions (e.g., to compel discovery, to preserve evidence, and a speedy trial motion). The Court Ordered,

---

3. On March 12, 1992, Warwick Police Chief Wesley Blanchard held a news conference announcing Mr. Werner, their prime suspect, had been arrested Blanchard declared, "Believe me, we've got the right guy." See Appendix T, Pro Se Supplemental Brief, R.I. Supreme Court # K1/92-0875A

Adjudged and Decreed, that no action would be taken on any motion until Mr. Werner was brought back to Rhode Island. The Court further ruled that no action would be taken on any of Werner's pending cases until he was returned to Rhode Island and arraigned. The defense's request to arraign Mr. Werner in absentia was denied, despite the fact that Rule 10, R.I. Crim. Rules provides in relevant part, "A defendant need not be present for arraignment if the defendant ... and defense counsel have waived appearance." See Reporter's Note to Rule 10.

On February 2, 1993, Mr. Werner filed a pro se action in the U.S. District Court District of Rhode Island, (No. 93-00115) challenging and seeking relief from Justice Wiley's Order, aforesaid. After service of process was effectuated Judge Wiley finally allowed the defense to file and argue one motion: A Motion for Writ of Habeas Corpus, directing the State to bring Mr. Werner back to R.I.. The State ignored the order.

There can be no doubt that Werner became an "accused" and had "adversarial proceedings initiated" against him as of 1988, (Werner I); 1990 (Werner II); 1991 (Werner IV); and, 1992 (Werner III).

There can be no doubt that Justice Wiley's Order, aforesaid, denied and deprived Mr. Werner of the Assitance of Counsel, guaranteed by both the Sixth and Fourteenth Amendments to the federal Constitution. Defense counsel was prevented for protecting, preserving, investigating and asserting and preparing a defense.

On February 6, 1995, Mr. Werner filed a pro se a Motion to Report a Question off Law to the Supreme Court of Rhode Island. (Trial # K1/92-0875A, Tr. 308). The proposed question: "Does the sixth Amendment right to the assistance of counsel apply to an "accused" or "indicted" who is out-of-state or can that constitutional right be held in abeyance until the accused-indicted is returned to R.I.?" Appendix V

The Motion was denied [Tr. 41-308].

The trial court, (Fortunato, J), held that Justice Wiley's Order "was wrong. The defense should've been able to conduct discovery [etc.] irrespective of whether Keith Werner was in R.I. or Massachusetts however, the wrong doesn't rise to the level of a constitutional violation" and that "no prejudice had been shown." [Tr. 390] [Tr. 962].

The trial court's ruling, aft-cited, was wrong as a matter of law by ruling the denial of counsel did not rise to a constitutional level, and, also, applied the incorrect standard of review. Both the trial court and state supreme court's denial of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States

Mr. Werner was denied the assistance of

counsel for at least 467-days after he became an "accused." Once Mr. Werner was indicted on the ATM case 386-days elapsed before defense counsel was permitted to assist in Mr. Werner's defense.[4]

## Conclusion

Mr. Werner's Petition for Writ of Mandamus and Prohibition, No. 05-cv-00517-ML-LDA, provides ample evidence that the four (4) pro se petitions for

---

4. In the Sixth Amendment context "[a]ctual or constructive denial of counsel's assistance is legally presumed to result in prejudice. Strickland v. Washington 466 U.S. 668, 699 (1984); US v. Chronic 466 U.S. 64 (1984), ("Prejudice in these circumstances is so likely that case-by-case inquiry of [actual prejudice] is not worth the cost.") Id. at 699

writ of habeas corpus were, as a matter of law, filed with this Honorable Court on or before July 15, 2005. An order to amend the docket entry sheet, to reflect to correct date of the filings, should be entered.

To avoid confusion, conflicting decisions and to promote a better understanding of each case and how the issues therein are: (1) supplemented in each subsequent case; and, (2) dispositive to all four (4) habeas corpus petitions, this Honorable Court should consolidate each of the petitions for assignment to one judge. The speedy, just and least expensive determination of these actions would be best served by one judge hearing all four petitions. Finally, Mr. Werner respectfully requests the Court to vacate referral of the instant actions to a Magistrate Judge

Dated: 2/10/06

Respectfully submitted,
Keith A. Werner

# Certification

I hereby certify that I caused a copy of the within Motion to Amend Docket Sheet, etc., and Attachment A, to be delivered to the U.S. Attorney for the District of Rhode Island by mailing a copy of the same, first class mail, postage prepaid, on February 17, 2006.

Dated: 2/10/06

Keith A. Werner